**FILED**

**February 2, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:15 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Susan English | ) | Docket No.  2016-05-0261 |
| | ) | |
| v. | ) | |
| | ) | State File No.  98712-2015 |
| G4S Secure Solutions, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert Durham, Judge | ) | |

---

### Affirmed and Remanded – Filed February 2, 2017

---

In this interlocutory appeal, the employee disputes the trial court's finding that she did not come forward with sufficient evidence at a second expedited hearing to show she is likely to prevail at a hearing on the merits in proving a compensable injury.  We affirm the trial court's determination and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Stephanie Simmons, Nashville, Tennessee, for the employee-appellant, Susan English

Sarah H. Best, Knoxville, Tennessee, for the employer-appellee, G4S Secure Solutions

### Memorandum Opinion[1]

On December 2, 2015, Susan English ("Employee") fell while exiting the building where she worked for G4S Secure Solutions ("Employer").  During an earlier expedited hearing, Employee testified that she did not remember the fall, but noted there were wet

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

1

leaves littering the sidewalk and her travel route, and she presumed she slipped and fell on the wet leaves. Following the first expedited hearing, the trial court determined her fall was idiopathic and that she had not presented sufficient evidence to show she will likely prevail at a hearing on the merits. Employee appealed that order and we affirmed.

During the second expedited hearing, Employee, acting in a self-represented capacity, presented additional evidence, including her testimony, an affidavit of a witness, and the testimony of her supervisor. Employee argued that her supervisor failed to adequately respond to her fall, did not offer her appropriate assistance, did not complete an accident report, and did not offer her medical treatment. During his direct examination, her supervisor testified that he did not witness the fall, but saw her on the ground. He asked her if she was okay and she failed to respond. When he approached her and again asked if she was okay, she turned without responding, went to her car, and drove away. Consequently, he did not complete an accident report because he assumed by her actions she was not injured.

Following the second expedited hearing, the trial court determined she had again failed to present sufficient evidence to show she was likely to prevail at trial and denied benefits. After Employee's notice of appeal was filed, an attorney filed a brief on her behalf, asserting the preponderance of the evidence presented at both expedited hearings indicates she is likely to prevail at trial in proving a compensable fall, and the trial court erred in denying benefits.[2]

In reviewing a trial court's interlocutory order, we presume "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). In the present case, Employee's testimony regarding her memory of the fall differed significantly at the second expedited hearing as compared to the first expedited hearing. For example, in the first hearing, Employee testified, "I do not literally remember falling." Yet, in the second hearing, she testified, "As I was walking, I felt my right leg[,] as in the motion of walking[,] of lifting and to pushing my right leg[,] from the wet leaves slipping." During cross-examination at the first hearing, Employee stated, "it had to have been the leaves." At the second hearing, Employee stated, "I felt the leg, as I was walking, slip out. . . . [I]t's taken time to regain some knowledge of it."

---

[2] We note that the notice of appeal is unsigned and the certificate of service on the notice is incomplete. Moreover, Section 2.2 of our Practices and Procedures provides that "[a]ny brief, motion, or other writing submitted on behalf of a party to the Appeals Board must be signed by an attorney who *has an entered an appearance in the case for such party* or by a self-represented individual in accordance with paragraph 2.1." Appeal Bd. Prac. & Proc. § 2.2 (emphasis added). While it is unclear whether Employer received the notice of appeal, it did receive the docketing notice regarding the pendency of the appeal. Since Employer raised no objection to the notice of appeal or the brief, we will consider the brief as Employee's argument in support of her appeal.

In considering the totality of the evidence presented to date, the trial court noted the inconsistencies in her testimony and concluded her "attempt to retract or modify this testimony at the second hearing [was] unpersuasive." The trial court further concluded Employee "has still only offered speculation and conjecture as to the cause of her . . . fall." A trial court's findings regarding witness credibility are entitled to deference on appeal. *See Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008). Upon careful review of the record, we cannot conclude that the evidence presented to date preponderates against the trial court's determination. We therefore affirm the trial court's order and remand the case for any further proceedings that may be necessary.

**FILED**

**February 2, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:15 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Susan English | ) | Docket No. 2016-05-0261 |
| | ) | |
| v. | ) | State File No. 98712-2015 |
| | ) | |
| G4S Secure Solutions, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Stephanie Simmons | | | | | X | stephanie@attorneysimmons.com |
| Sarah H. Best | | | | | X | shbest@mijs.com |
| Robert Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov